UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JEFFREY NEUFELD and AUBREY SREDNICKI, individually and on behalf of all others similarly situated,<br><br>                         Plaintiffs,<br>vs.<br><br>CIGNA HEALTH AND LIFE INSURANCE,<br><br>                         Defendant. | No. 3:17-cv-1693<br><br>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL** |

## Background

This class action challenges the overcharging of patients by Cigna for medical services and products in violation of the express terms of Cigna's health plans ("Plans"). The Plans expressly limit a patient's share of the costs for services and products ("cost-share") based on the amount that a provider agreed to be paid for such services or products.[1] Specifically, under the Plans, copayments and deductible payments may never be more than the amount that the provider agreed to be paid; and coinsurance must be calculated as a percentage of the amount that the provider agreed to be paid. In violation of the Plans, Cigna pervasively, intentionally and significantly overcharged Plaintiffs and members of the Class for medical services and products in clear violation of their respective Plans. For examples, Plaintiff Neufeld was charged a $25.68 deductible payment for CPAP[2] filters for which the provider agreed to be paid only $7.50, ¶ 10,

---

[1] A patient's share of the cost ("cost-share") is in the form of a copayment (often a set dollar amount), coinsurance (often a percentage of the cost) or deductible payment. Complaint ¶¶ 2, 42.

[2] CPAP stands for "continuous positive airway pressure." CPAP machines are used to treat sleep apnea, a disorder in which the patient's breathing is interrupted during sleep.

and Plaintiff Srednicki was charged a $2,315.98 deductible for a blood test for which the provider agreed to be paid only $471.02. ¶ 14.

Although the Amended Complaint includes detailed allegations concerning six known overcharges (*see, e.g*., ¶¶ 10, 14, 224-227, 262, 263), these overcharges are only examples. Plaintiffs are challenging *all claims* for medical services and products under Cigna's Plans for which they were overcharged from October 6, 2011 through present (the statute of limitations is six years).

Pending resolution of Cigna's motion to dismiss, the parties agreed to limit discovery to Plaintiffs' claims, just as Cigna agreed with undersigned counsel in a case before this Court challenging an overcharge scheme related to prescription drugs (*In re Cigna Corporation PBM Litigation*, 3:16-cv-1702 (WWE)).  Raabe Declaration (filed herewith), ¶ 3.  In light of this agreement, Plaintiffs requested that Defendants produce documents concerning all of Plaintiffs' medical benefits transactions. Cigna, however, has now taken the position that it will only produce claims materials from the six example transactions alleged in the Complaint and Cigna refuses to produce Plaintiffs' other claims data that is in its possession.

Because Plaintiffs' claims are much broader than the six example transactions, documents — including claims data — concerning all of Plaintiffs' transactions during the relevant period are discoverable. Accordingly, Plaintiffs respectfully more for an order that documents concerning such transactions be produced.

## Local Rule 37(b)(1) List of Discovery Sought

Plaintiffs' motion concerns their Request 3 in their First Request for the Production of Documents, which states in relevant part, the following:

>**Discovery sought**: All documents concerning all of Plaintiffs' medical benefits transactions, including, but not limited to: (a) all claims data; (b) all documents concerning Fees Paid by Insured and Spread on Plaintiff's medical benefits transactions; (c) all invoicing, billing, and payment information concerning the Provider (J & L and LabCorp) including Fees Paid to Provider; and (d) all invoicing, billing, and payment information concerning any other additional participants in the billing/claim processing process.

*See* Request 3 from Plaintiffs' First Request for Production, attached as Ex. A to Raabe Declaration.

>**Reason why it should be allowed**: Discovery of these documents should be allowed because, as discussed further below, they are relevant to Plaintiffs' claims. These documents will tend to show whether Plaintiffs were overcharged for copayments, coinsurance, or deductible payments in connection with the receipt of medically necessary services or products under their Plans.

## Legal Standard

The scope of permissible discovery is set forth in Rule 26 as follows:

>Parties may obtain discovery regarding any [1] nonprivileged matter that is [2] relevant to any party's claim or defense and [3] proportional to the needs of the case, considering [a] the importance of the issues at stake in the action, [b] the amount in controversy, [c] the parties' relative access to relevant information, [d] the parties' resources, [e] the importance of the discovery in resolving the issues, and [f] whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). "[T]he burden of demonstrating relevance is on the party seeking discovery[.]" *James A. Harnage v. Janine Brennan*, , 3:16-cv-01659, 2018 WL 2128379, at \*2 (D. Conn. May 9, 2018) (quoting *Mason Tenders Dist. Council of Greater New York v. Phase Constr. Servs., Inc.*, 318 F.R.D. 28, 36 (S.D.N.Y. 2016)). "Once the party seeking discovery has demonstrated relevance, **the burden then shifts to '[t]he party resisting discovery . . . [to] show[ ] why discovery should be denied**.'" *Id*. (quoting *Cole v. Towers Perrin Forster & Crosby*, 256 F.R.D. 79, 80 (D. Conn. 2009) (emphasis added). Accordingly, once the party seeking discovery (here, Plaintiffs) demonstrates relevance, the party resisting discovery (here, Cigna) must show why the discovery is not proportional to the needs of the case.

3

Under the Federal Rules of Evidence, evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401 (emphasis added). "Discovery, however, 'is concerned with relevant information — not relevant evidence — and that as a result of the scope of relevance for discovery purposes is necessarily broader than trial relevance.'" *Durant v. Target Stores, Inc.*, 15-cv-1183 (JBA), 2017 WL 4163661, at *3 (D. Conn. Sept. 20, 2017) (quoting *1 Federal Rules of Civil Procedure*, Rules and Commentary Rule 26, V. Depositions and Discovery (February 2017 Update)). "Accordingly, at the discovery phase of proceedings, the Federal Rules of Civil Procedure and Evidence permit broad inquiry into matters relevant to plaintiff's claims, or the defenses thereto." *Kelley v. City of Hamden*, 3:15-cv-00977, 2016 WL 5348568, at *4 (D. Conn. Sept. 23, 2016).

## Argument

### I.  All claims data concerning Plaintiffs' transactions are relevant and should be produced

Plaintiffs' claims concern Cigna's "fraudulent and deceptive scheme to artificially inflate medical costs causing consumers to pay more than they should have paid for medically necessary products and services." Complaint ¶ 1. Accordingly, Plaintiffs' claims concern ***all*** transactions for which they were overcharged.

While the Complaint contains detailed allegations about certain specific transactions for which Plaintiffs were overcharged, these are examples are (1) not meant to be comprehensive — *see, e.g.*, *id.* ¶¶ 10, 14, 57 (noting that the allegations were examples) — and (2) not required by Rule 8. Rule 8 requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to give the defendant fair notice of what the ... claim is and the

grounds upon which it rests." *Connecticut Gen. Life Ins. Co. v. True View Surgery Ctr. One, LP*, 128 F. Supp. 3d 501, 510 (D. Conn. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] complaint **need not provide detailed factual allegations**" but "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. (quoting *Twombly*, 550 U.S. at 555) (emphasis added). "Asking for plausible grounds . . . simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal[ity]." *Id*. (quoting *Twombly*, 550 U.S. at 556).

Because Plaintiffs' claims concern all overcharges (not just the specific examples of overcharges alleged), documents and claims data concerning all of Plaintiffs' transactions during the relevant period are relevant — in that such data have some tendency to make it more (or less) probable than it would be without the evidence that Plaintiffs were overcharged (a fact is of consequence in this action). *See* Fed. R. Evid. 401.

Moreover, even if the specific transactions alleged in the Complaint were the only overcharges (which cannot be established without the sought discovery), claims data concerning Plaintiffs' other transactions are relevant for other reasons. For example, claims data for Plaintiffs' other transactions, to the extent they are accurate, will show how claims should be processed in the ordinary course of business, another fact of consequence in this action.

Indeed, Cigna knows that *all* of the claims data is discoverable. In *In re Cigna Corporation PBM Litigation*, 3:16-cv-1702 (WWE), Cigna agreed to and produced all of the named-plaintiffs prescription drug claims, not just the examples cited in the Complaint. Raabe Declaration, ¶ 3. Having established that all claims data are relevant, it is now Defendants' burden to show why they are attempting to treat this case differently than the analogous prescription drug case and why these Plaintiffs should be denied access in discovery to their

claims data that is in Cigna's possession. Plaintiffs intend to file a reply memorandum responding to Defendants' arguments.

## Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court compel Cigna to produce the claims data for all of Plaintiffs' transactions from October 6, 2011 through present.

DATED:  June 13, 2018                                     Respectfully submitted,

/s/
Robert A. Izard (ct01601)
Craig A. Raabe (ct04116)
Seth R. Klein (ct18121)
Christopher M. Barrett (ct30151)
IZARD, KINDALL & RAABE, LLP
29 South Main Street, Suite 305
West Hartford, Connecticut 06107
Telephone: 860-493-6292
rizard@ikrlaw.com
craabe@ikrlaw.com
cbarrett@ikrlaw.com

William H. Narwold (ct00133)
Mathew P. Jasinski (ct27520)
MOTLEY RICE LLC
27 Church Street, 17th Floor
Hartford, CT  06103
Telephone:  (860) 882-1681
Facsimile:   (860) 882-1682
bnarwold@motleyrice.com
mjasinski@motleyrice.com

**Counsel for Plaintiffs**

## CERTIFICATE OF SERVICE

I certify that on June 13, 2018, I authorized the electronic filing of the foregoing with the Clerk of Court using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record.

Executed this 13th day of June, 2018 at West Hartford, Connecticut.

/s/
Craig A. Raabe (ct04116)
IZARD, KINDALL & RAABE, LLP
29 South Main Street, Suite 305
West Hartford, CT 06107
Telephone: 860-493-6292
craabe@ikrlaw.com