UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JEFFREY NEUFELD and AUBREY SREDNICKI, individually and on behalf of all others similarly situated,<br><br>                               Plaintiffs,<br>vs.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY and CARECENTRIX, INC.,<br><br>                               Defendants. | No. 3:17-cv-1693<br><br><br>August 29, 2018 |

**CIGNA'S RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

       Plaintiffs incorrectly argue in their recently filed Notice of Supplemental Authority that the Second Circuit's decision in *D'Addario v. D'Addario*, -- F.3d --, 2018 WL 3848501 (2d Cir. Aug. 14, 2018), supports the viability of their RICO claims. (D.E. 95.) *D'Addario* did not change how the Second Circuit interprets the RICO operation and management test adopted by the U.S. Supreme Court in *Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993); it merely applied that test to RICO claims arising from a series of intra-family disputes in connection with a lengthy and complicated administration of a testamentary estate and found that, based on the many factual allegations pled indicating the defendants' involvement in the estate—including that one defendant created two business entities that "were necessary tools for the schemes' operation," and that another defendant "assisted and advised [the executor] in all matters related to the Estate, including many of the identified schemes"—the beneficiaries of the estate had done enough to meet the *Reves* test's burden at the pleading stage. *D'Addario*, 2018 WL 3848501, at *4-6, 17-18.

The state of the law in the Second Circuit remains the same, however: Plaintiffs must still allege sufficient facts to show Cigna's "participation in the 'operation or management of an enterprise through a pattern of racketeering activity.'" *D'Addario*, 2018 WL 3848501, at *17 (quoting *Reves*, 507 U.S. at 184). As Cigna previously explained, *Reves* and its progeny have made clear that RICO "liability depends on showing that the defendants conducted or participated in the conduct of the 'enterprise's affairs,' not just their own affairs." (*See* MTD, D.E. 55-1, at 35 (quoting *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 163 (2001)). Plaintiffs' allegations, which describe only Cigna directing its own affairs during normal, arms-length commercial transactions, do not meet this standard. (*See* MTD, D.E. 55-1, at 35-36; MTD Reply, D.E. 87, at 19-24; Response to Sur-Reply, D.E. 91, at 3-4.)

Thus, as courts in the Second Circuit and elsewhere routinely find, Plaintiffs' RICO claims should be dismissed. *See id.*; *see also Lawson v. Rubin*, 2018 WL 2012869, at *10-11 (E.D.N.Y. Apr. 29, 2018) (dismissing RICO claim against defendant where "there are no factual allegations tending to show that she exerted operational or management control over the alleged RICO enterprise"); *Santana v. Adler*, 2018 WL 2172699, at *7 n.6 (S.D.N.Y. Mar. 26, 2018), *report & recommendation adopted*, 2018 WL 2170299 (S.D.N.Y. May 10, 2018) (dismissing RICO claim because plaintiff did not adequately allege that defendant participated in a RICO enterprise and explaining that "[t]he fact that [defendant] provided professional services for ASG and MBBC is not enough to establish his participation in the operation or management of the enterprise itself"); *Dell Inc. v. Mishra*, 2018 WL 3717119, at *5 (W.D. Tex. Aug. 3, 2018) (internal citations omitted) (finding that plaintiff's factual allegations failed to show that defendant participated in the operation or management of the RICO enterprise and explaining that "[p]roviding goods or

services to an enterprise does not give rise to liability under RICO . . . even if the services are provided with knowledge or willful disregard of the enterprise's racketeering activities").

## CONCLUSION

For the reasons discussed above and those set forth in Cigna's prior briefs (D.E. 55, 73, 87, 91), Cigna respectfully requests that the Court dismiss the Amended Complaint.

Dated:  August 29, 2018                                         Respectfully submitted,

/s/ Warren Haskel

| | |
|---|---|
| James M. Sconzo (ct04571) | Joshua B. Simon, admitted *pro hac vice* |
| Michael A. Valerio (ct19335) | Warren Haskel, admitted *pro hac vice* |
| CARLTON FIELDS JORDEN BURT, P.A. | KIRKLAND & ELLIS LLP |
| One State St., Suite 1800 | 601 Lexington Avenue |
| Hartford, CT 06103 | New York, New York 10022 |
| Telephone: (860) 392-5000 | Telephone: (212) 446-4800 |
| Facsimile: (860) 392-5058 | Facsimile: (212) 446-4900 |
| jsconzo@cfjblaw.com | joshua.simon@kirkland.com |
| mvalerio@carltonfields.com | warren.haskel@kirkland.com |

*Attorneys for Defendant Cigna Health and Life Insurance Company*

## CERTIFICATE OF SERVICE

      I hereby certify that on August 29, 2018, the foregoing document and all attachments thereto were filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                       */s/ Warren Haskel*
                                                        Warren Haskel