UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JEFFREY NEUFELD and AUBREY SREDNICKI, KEVIN JACQUES, NICHOLAS MARSHALL, WILLIAM NINIVAGGI, TROY TERRY, JOYCE WOOD, ROBERT BURNS, TIMOTHY RUTHERSBY, and NATHAN WHEATLEY, individually and on behalf of all others similarly situated, <br><br>　　　　　　　　　　　Plaintiffs <br><br>　　v. <br><br> CIGNA HEALTH AND LIFE INSURANCE COMPANY, <br><br>　　　　　　　　　　　Defendant. | Civil No. 3:17-cv-1693-KAD <br><br><br> March 15, 2021 |

## MOTION FOR CLASS CERTIFICATION

Plaintiffs, participants in health plans administered by Cigna Health and Life Insurance Co. ("Cigna"), brought this class action against Cigna, alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA") and the Racketeer Influenced and Corrupt Organizations Act ("RICO"). For the reasons explained in Plaintiffs' accompanying memorandum of law, Plaintiffs respectfully move the Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an Order certifying the classes in this litigation pursuant to Rule 23(a) and Rules 23(b)(1), 23(b)(2), and/or 23(b)(3). Plaintiffs also move for appointment of Plaintiffs Neufeld, Jacques, Marshall, Ninivaggi, Terry, Wood, Burns, and Ruthersby to serve as Class Representatives for the Classes, as set forth below, and for appointment of co-lead Class Counsel as set forth below.

**ORAL ARGUMENT REQUESTED**

Plaintiffs seek to certify the following two Classes:

**ERISA Class.** All individuals residing in the United States and its territories who:

(A) Were enrolled in a health benefit plan or policy subject to ERISA that was administered by Cigna Health and Life Insurance Company or its affiliates ("Cigna") that provided:

- that a member "may be required to pay a portion of the Covered Expenses"; and

- that "The term Covered Expenses means the expenses incurred by or on behalf of a person for the charges listed below if they are incurred after he becomes insured for these benefits"; and

- that "The term 'charges' means the actual billed charges; except when the provider has contracted directly or indirectly with Cigna for a different amount"; and

(B) Obtained services, equipment, or supplies, other than drugs, from a provider in CareCentrix's network that were priced on a fee-for-service basis; and

(C) Were charged a deductible payment, coinsurance payment, or copayment for those services, equipment, or supplies based on a rate that was greater than the rate in the contract between CareCentrix and the provider.

**RICO Class.** All individuals residing in the United States and its territories who:

(A) Were enrolled in a health benefit plan or policy that was administered by Cigna Health and Life Insurance Company or its affiliates ("Cigna") that provided:

- that a member "may be required to pay a portion of the Covered Expenses"; and

- that "The term Covered Expenses means the expenses incurred by or on behalf of a person for the charges listed below if they are incurred after he becomes insured for these benefits"; and

- that "The term 'charges' means the actual billed charges; except when the provider has contracted directly or indirectly with Cigna for a different amount"; and

(B)   Obtained services, equipment, or supplies, other than drugs, from a provider in CareCentrix's network that were priced on a fee-for-service basis; and

(C)   Paid a deductible payment, coinsurance payment, or copayment for those services, equipment, or supplies that was based on a rate that was greater than the rate in the contract between CareCentrix and the provider.

**ERISA CLASS**

The ERISA Class should be certified with respect to all ERISA claims alleged in this case.  As required by Federal Rule 23(a): (i) joinder of individual plaintiffs is impracticable because Class Members number at least in the tens of thousands; (ii) there are numerous questions of law or fact common to the class, including, in particular, the central issue in the case: whether Cigna's uniform calculation of cost-shares using the inflated rate CareCentrix billed Cigna instead of the lower rate paid to network providers violated the uniform terms of the plans is the common question at the center of this litigation; (iii) Plaintiffs' claims are typical of – and, indeed, the same as – the claims of the class; and (iv) Plaintiffs have no conflicts of interest with the class, will actively represent the interests of the class in the litigation, and have retained experienced and effective counsel.

The proposed ERISA Class meets the requirements of Federal Rule 23(b)(1) because the prosecution of separate actions by individual class members could result in inconsistent interpretations of the plan language at issue, requiring Cigna to calculate some members' cost-shares differently than others, thus violating ERISA regulations.

The proposed ERISA Class meets the requirements of Federal Rule 23(b)(2), as (i) class members were all harmed in essentially the same way (had their cost-shares calculated in violation of standard plan language); (ii) monetary damages are incidental to, and flow directly from, Plaintiffs' request for injunctive relief; and (iii) the injunctive relief Plaintiffs seek is specific.

The ERISA Class should also be certified under Rule 23(b)(3) because (i) the common questions of law predominate over any individual issues, and (ii) a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

The Court should appoint Plaintiffs Neufeld, Jacques, Marshall, Ninivaggi, Terry, Wood, Burns, and Ruthersby as Class Representatives.  Plaintiffs have vigorously pursued the claims of the class by monitoring the case, responding to written discovery, and by being willing to be deposed.

The Court should also appoint Motley Rice ("MR") and Izard, Kindall & Raabe ("IKR") as co-lead counsel.  MR and IKR have decades of class action experience and extensive knowledge of the applicable law and facts and have the resources necessary to litigate this action. Moreover, they have effectively represented the proposed classes since filing the complaint in 2017.

## RICO CLASS

The RICO Class should also be certified as to all RICO claims alleged (with Plaintiffs serving as Class Representatives for this Class).  The RICO Class satisfies Fed. R. Civ. P. 23(a) and 23(b)(3) for the same reasons discussed above with regard to the ERISA Class, and MR and IKR should be appointed co-lead counsel for the same reasons as well.

In support of this Motion, Plaintiffs submit (a) a Memorandum of Law; and (b) a declaration from Meghan Oliver (a member of proposed co-lead counsel MR) and various supporting documents attached thereto.

Accordingly, Plaintiffs respectfully request that the Court issue an order:

(1) Certifying the proposed ERISA Class pursuant to Rules 23(a), and Rules 23(b)(1), 23(b)(2) and/or 23(b)(3);

(2) Certifying the proposed RICO Class pursuant to Rules 23(a) and Rule 23(b)(3);

(3) Appointing Plaintiffs Neufeld, Jacques, Marshall, Ninivaggi, Terry, Wood, Burns, and Ruthersby as Class Representatives of the ERISA Class and RICO Class; and

(4) Appointing Motley Rice LLC and Izard, Kindall & Raabe, LLP as Co-Lead Counsel for the Classes.

Dated: March 15, 2021

Respectfully submitted,

*/s/ Robert A. Izard*

Robert A. Izard (ct01601)
Craig A. Raabe (ct04116)
Christopher M. Barrett (ct30151)
Seth R. Klein (ct18121)
IZARD, KINDALL & RAABE, LLP
29 South Main Street, Suite 305
West Hartford, CT 06107
Telephone: 860-493-6292
Facsimile:860-493-6290
rizard@ikrlaw.com
craabe@ikrlaw.com
cbarrett@ikrlaw.com
sklein@ikrlaw.com

William H. Narwold (ct00133)
Mathew Jasinski, (ct27520)
MOTLEY RICE LLC

>One Corporate Center
>20 Church Street, 17th Floor
>Hartford, CT 06103
>Telephone:  860-882-1681
>Facsimile:   860-882-1682
>bnarwold@motleyrice.com
>mjasinski@motleyrice.com
>
>Meghan S. B. Oliver
>Charlotte Loper
>MOTLEY RICE LLC
>28 Bridgeside Blvd.
>Mt. Pleasant, SC 29464
>Telephone: 843-216-9000
>moliver@motleyrice.com
>cloper@motleyrice.com