UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JEFFREY NEUFELD, et al., individually and on behalf of all others similarly situated, | No. 3:17-cv-1693-KAD |
| Plaintiffs, | |
| vs. | |
| CIGNA HEALTH AND LIFE INSURANCE COMPANY, | |
| Defendant. | October 6, 2021 |

**SUR-SURREPLY MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

# TABLE OF CONTENTS

I.      No Plan Variations Defeat Certification Under Plaintiffs' Amended Class Definition ................................................................................................................ 1

II.     Certification Under Rules 23(b)(1) and 23(b)(2) Is Proper. ............................... 4

III.    The Amended Class Definition Meets Superiority Under (b)(3)....................... 6

IV.     Plaintiffs Do Not Mischaracterize *Peters* ........................................................ 8

TABLE OF AUTHORITIES

**<u>Cases</u>**

*Adams v. Anheuser- Busch Cos., Inc.*,
    758 F.3d 743 (6th Cir. 2014) ...................................................................... 3

*Buck v. Am. Gen. Life Ins. Co.*,
    2021 WL 733809 (D.N.J. Feb. 25, 2021) ........................................................ 6

*Carlson v. Northrop Grumman Corp.*,
    333 F.R.D. 415 (N.D. Ill. 2019)................................................................... 2

*Cigna v. Amara*,
    563 U.S. 421 (2011)........................................................................... 9, 10

*Cigna v. Amara*,
    925 F. Supp. 2d 242 (D. Conn. 2012) ............................................................ 10

*de Lacour v. Colgate-Palmolive Co.*,
    2021 WL 1590208 (S.D.N.Y. Apr. 23, 2021) ..................................................... 7

*Ebin v. Kangadis Food Inc.*,
    297 F.R.D. 561 (S.D.N.Y. 2014) ................................................................. 8

*Flood v. Just Energy Mktg. Corp.*,
    904 F.3d 219 (2d Cir. 2018)...................................................................... 8

*Gibson Brands, Inc. v. John Hornby Skewes & Co.*,
    2014 WL 5419512 (C.D. Cal. Oct. 23, 2014).................................................... 6

*Gittens v. City of New York*,
    2011 WL 10618708 (S.D.N.Y. May 11, 2011) ................................................... 6

*Great–West Life & Annuity Ins. Co. v. Knudson*,
    534 U.S. 204 (2002)............................................................................ 10

*Guevarra v. Progressive Fin. Servs., Inc.*,
    2006 WL 3613742 (N.D. Cal. Nov. 30, 2006) ................................................... 8

*Halo v. Yale Health Plan*,
    819 F.3d 42 (2d Cir. 2016)....................................................................... 1

*Hasemann v. Gerber Prod. Co.*,
    331 F.R.D. 239 (E.D.N.Y. 2019) ................................................................. 9

*In re Allergan PLC Sec. Litig.*,
    2021 WL 4077942 (S.D.N.Y. Sept. 8, 2021).................................................... 9

*In re Delta/AirTran Baggage Fee Antitrust Litig.*,
   317 F.R.D. 675 (N.D. Ga. 2016).................................................................. 8

*In re Ethylene Propylene Diene Monomer Antitrust Litig.*,
   256 F.R.D. 82 (D. Conn. 2009)..................................................................... 9

*In re Flag Telecom Holdings, Ltd. Sec. Litig.*,
   574 F.3d 29 (2d Cir. 2009)........................................................................... 9

*In re Foreign Exch. Benchmark Rates Antitrust Litig.*,
   407 F. Supp. 3d 422 (S.D.N.Y. 2019)........................................................ 6

*In re Initial Pub. Offering Sec. Litig.*,
   483 F.3d 70 (2d Cir. 2007).......................................................................... 7

*Johnson & Johnson v. Guidant Corp.*,
   2014 WL 3728598 (S.D.N.Y. July 22, 2014) .......................................... 2

*Kaplan v. S.A.C. Cap. Advisors, L.P.*,
   311 F.R.D. 373 (S.D.N.Y. 2015) ............................................................... 9

*Kokoshka v. Inv. Advisory Comm. of Columbia Univ.*,
   2021 WL 3683508 (S.D.N.Y. Aug. 19, 2021) ........................................ 5

*Lipstein v. UnitedHealth Grp.*,
   296 F.R.D. 279 (D.N.J. 2013)...................................................................... 2

*Local 22 of Council v. Bridgeport Health Care Ctr., Inc.*,
   2018 WL 1419792 (D. Conn. Mar. 18, 2018) .......................................... 5

*Mahon v. Chicago Title Ins. Co.*,
   296 F.R.D. 63 (D. Conn. 2013).................................................................... 8

*Md. Cas. Co. v. W.R. Grace & Co.*,
   128 F.3d 794 (2d Cir. 1997)......................................................................... 2

*Meidl v. Aetna, Inc.*,
   2017 WL 1831916 (D. Conn. May 4, 2017)............................................. 5, 6

*Montanile v. Bd. of Trs. of the Nat'l Elevator Indus. Health Benefit Plan*,
   577 U.S. 136 (2016)................................................................................... 10

*O'Neil v. Ret. Plan for Salaried Emps. of RKO Gen., Inc.*,
   37 F.3d 55 (2d Cir. 1994)............................................................................. 1

*Pegram v. Herdrich*,
   530 U.S. 211 (2000).................................................................................... 2

iii

*Peters v. Aetna Inc.*,
  2 F.4th 199 (4th Cir. 2021) ........................................................ 1, 2, 3, 8, 9, 10

*Peters v. Aetna, Inc.*,
  2019 WL 1429607 (W.D.N.C. Mar. 29, 2019) .................................................. 9

*Santiago v. Merriman River Assocs.*,
  2018 WL 2465358 (D. Conn. June 1, 2018) ..................................................... 6

*Spears v. Liberty Life Assurance Co. of Bos.*,
  2018 WL 2390136 (D. Conn. May 25, 2018) ................................................... 10

*Summit Health, Inc. v. APS Healthcare Bethesda, Inc.*,
  993 F. Supp. 2d 379 (S.D.N.Y. 2014) ............................................................. 3

*Toliver v. Semple*,
  2019 WL 4686587 (D. Conn. Sept. 26, 2019) .................................................. 9

*Tri-Star Pictures, Inc. v. Leisure Time Prods., B.V.*,
  17 F.3d 38 (2d Cir. 1994) .............................................................................. 2

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*,
  396 F. 3d 96 (2d Cir. 2005) ........................................................................... 8

*Wenig v. Messerli & Kramer P.A.*,
  2013 WL 1176062 (D. Minn. Mar. 23, 2013) .................................................. 8

*Wit v. United Behavioral Health*,
  317 F.R.D. 106 (N.D. Cal. 2016) .................................................................. 10

## **Statutes**

ERISA § 3(21)(A)(iii), 29 U.S.C. § 1002(21)(A)(iii) ............................................ 2

ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1) ................................................... 9

ERISA § 502(a)(1), 29 U.S.C. § 1132(a)(1) ........................................................ 5

ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2) ........................................................ 5

ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3) .................................................... 5, 9

## **Rules**

Fed. R. Civ. P. 18(a) ....................................................................................... 6

Fed. R. Civ. P. 23 (b)(1)(A) .......................................................................... 4, 5

Fed. R. Civ. P. 23(b)(1) ................................................................................ 4, 5

Fed. R. Civ. P. 23(b)(2) .................................................................................................... 5, 10

Fed. R. Civ. P. 23(b)(3) ........................................................................................................ 6

**<u>Regulations</u>**

29 C.F.R. § 2560.503-1 .......................................................................................................... 1

The most important responses in Cigna's Surreply are the ones Cigna does not make.[1] Cigna ignores Plaintiffs' argument that Cigna's own boilerplate templates can be used to identify all relevant plan language variations. Cigna also ignores Plaintiffs' argument that Cigna has conflated injury and damages, raising damages issues that are irrelevant to class certification. And, Cigna's reliance on the merits portion of *Peters* to contest Plaintiffs' theory of damages is wrong. In its silence, Cigna concedes that Plaintiffs' methodology can be used to identify all relevant plan language variations, and that any individualized questions of "financial injury" that Cigna (wrongly) claims exist are not class-defeating.

## I.      No Plan Variations Defeat Certification Under Plaintiffs' Amended Class Definition

Contrary to Cigna's argument (Surreply [ECF 201] at 2-3), the standard of review for Cigna's interpretation does not vary by plan. *See* Pls.' Reply [ECF 192] at 7-8. Cigna cannot avoid *de novo* review unless "the plan otherwise establishes procedures in full conformity with" 29 C.F.R. § 2560.503-1. *Halo v. Yale Health Plan*, 819 F.3d 42, 57-58 (2d Cir. 2016). Cigna's assertion that two Plaintiffs learned they were being overcharged is irrelevant to plan procedures. Moreover, Cigna did not know the Provider rate until discovery, which precluded it from processing ***any*** class members' claims properly.

Cigna does not dispute that it may not interpret uniform terms differently but asserts that *the Court* "may analyze Cigna's interpretation differently based on what standard of review applies." Surreply at 3. This is sophistry. However analyzed, the interpretation must be the same for each class member. Although ambiguous language[2] in plans that confer discretion must be reviewed under an abuse of discretion review (Surreply at 3-4), even under that standard,

---

[1] Unless otherwise indicated, all internal quotation marks and citations are omitted and "Ex. BP" refers to the Exhibit to the Declaration of Charlotte Loper filed with this brief.

[2] Plaintiffs deny that the plan language is ambiguous, and "unambiguous language leaves no room for the exercise of discretion." *O'Neil v. Ret. Plan for Salaried Emps. of RKO Gen., Inc.*, 37 F.3d 55, 59 (2d Cir. 1994).

"[i]nterpretation of the same plan term in different ways is 'paradigmatically arbitrary and capricious.'"[3] *Carlson v. Northrop Grumman Corp.*, 333 F.R.D. 415, 421 (N.D. Ill. 2019).

Cigna's argument that the Court will need to review ASO agreements to determine whether Cigna lacked discretion "in calculating CareCentrix's fee-for-service charges" (Surreply at 4) focuses on the wrong conduct. *See Peters v. Aetna Inc.*, 2 F.4th 199, 231 (4th Cir. 2021). "[T]he action subject to complaint," *Pegram v. Herdrich*, 530 U.S. 211, 226 (2000), is Cigna's calculation of deductibles. Deductible amounts are governed by the plans, and the *plans* provide Cigna with "discretionary authority to interpret and apply plan terms" and to compute "any and all benefit payments."[4] *See, e.g.* Oliver Decl. [ECF 157], Ex. B at 688; Pls.' Reply at 7-8; *see also* ERISA § 3(21)(A)(iii), 29 U.S.C. § 1002(21)(A)(iii).

Ignoring that "charges" is a defined term, Cigna wrongly argues that the "Covered Expenses provision separately defines the charge for each Covered Expense under the plan." Surreply at 5. Cigna has not explained why the "charges" definition does not apply to the Covered Expenses section or how its meaning could vary from provision to provision, which would be contrary to law. *Johnson & Johnson v. Guidant Corp.*, 2014 WL 3728598, at *15 (S.D.N.Y. July 22, 2014); *Md. Cas. Co. v. W.R. Grace & Co.*, 128 F.3d 794, 799–800 (2d Cir. 1997). Because Plaintiffs' interpretation gives meaning to both the "charges" definition and the

---

[3] Cigna continues its misplaced reliance upon *Lipstein v. UnitedHealth Grp.*, 296 F.R.D. 279 (D.N.J. 2013). Surreply at 4. The plans in that case differed "in material ways" concerning the estimation policy at issue. *Id.* at 288-89. Indeed, the language of the plaintiff's plan "simply [did] not answer the question." *Id.* at 295. This case, in contrast, involves the interpretation of uniform language that cannot vary from one class member to another.

[4] Contrary to Cigna's argument, the ASO agreements in *Peters* were not "critical in determining whether Aetna was exercising its discretion in interpreting the plan to include Optum's administrative fees" (Surreply at 4), but rather "bolstered" the court's conclusion because they gave Aetna authority over plan assets. *See Peters*, 2 F.4th at 232 ("Because the power to draft checks on the plan account constitutes control over plan assets, a reasonable factfinder could determine that Aetna qualified as an ERISA fiduciary" (cleaned up)). Cigna's citation to *Tri-Star Pictures, Inc. v. Leisure Time Prods., B.V.*, 17 F.3d 38 (2d Cir. 1994) (Surreply at 4) is inapposite, as it involved a common law claim for good faith and fair dealing and was unrelated to ERISA or ASO agreements. *Tri-Star*, 17 F.3d at 45.

Covered Expenses section, while Cigna's renders the explicit "charges" definition meaningless, Cigna's argument should be rejected. *See also* Pls.' Reply at 11-12.

Cigna's argument that CareCentrix must be a "provider" because it is the "vendor" (Surreply at 5) also fails. The term "vendor" has no impact on how the court should interpret "provider" in the "charges" definition. While CareCentrix may enable access to DME through its network of providers, CareCentrix is not a "provider" under the Plans. Oliver Decl., Ex. C at 521; Klein Decl. [ECF 194], Ex. BK at 596. "Provider" should be given its "plain and ordinary meaning" under traditional principles of interpretation. *Adams v. Anheuser- Busch Cos., Inc.*, 758 F.3d 743, 748 (6th Cir. 2014); *Summit Health, Inc. v. APS Healthcare Bethesda, Inc.*, 993 F. Supp. 2d 379, 393 n.9 (S.D.N.Y. 2014). The interpretation urged by Cigna is contrary to the evidence and ordinary usage. Pls.' Reply at 9; *Peters*, 2 F.4th at 233-34.

The "allowable expense" definition in the Coordination of Benefits section of the plans upon which Cigna relies is irrelevant because this definition concerns the amount of payments by multiple insurance carriers (not the amount of deductibles owed by class members) and only applies where there are multiple sources of coverage. Surreply at 6. All claims with this language that were subject to multiple sources of coverage have been excluded. Reply at 12-13.

Cigna argues that Plaintiffs' interpretation of "portion" fails to account for the definitions of "Deductibles," "Coinsurance," and "Copayments." Surreply at 6. To the contrary, accounting for these variations led Plaintiffs to exclude coinsurance and copayment claims because the definitions of deductible do not vary. The three additional plans Cigna cites with portion language that does not include "deductible" are irrelevant because they had no deductible requirement. Not requiring a deductible is a non-standard benefit option that is subject to PBAB approval and is therefore not included in Cigna's standard language templates. Ex. BP at 061-63

(listing "Waive Deductible" as a "PBAB non-standard request"). Members with these plans were not charged a deductible and are not part of the class. Rather than undermine Plaintiffs' template methodology, they reinforce it. Cigna points to no other variations or evidence that undermines use of the templates to identify standard language and common variations.

"Service-specific deductibles" (Surreply at 7-8) relate to the total amount members must pay before they are no longer in the deductible phase, not the calculation of individual deductibles. Pls.' Reply at 14-15. Whether a "service-specific deductible" applied is irrelevant because the claims data identifies every deductible transaction, and overpayments on them.

## II.      Certification Under Rules 23(b)(1) and 23(b)(2) Is Proper.

The most important part of Cigna's response to Plaintiffs' 23(b)(1) argument is again what it does not say. Surreply at 11. Cigna does not and cannot contend that there is a risk of "inconsistent or varying ***adjudications***" with respect to the deductible class, which is the standard under Rule 23 (b)(1)(A). Instead, in a complete about-face from its argument that the class is too big because it includes copayment and coinsurance claims with "material variations in benefit plan language" precluding a finding of commonality (Cigna Opp'n [ECF 181] at 17), it now argues that the class is too small because it fails to include these same claims. Cigna is wrong because as Cigna itself admits, coinsurance and copayment claims are fundamentally different from deductible claims. Therefore, they cannot be subject to inconsistent adjudications, and are irrelevant under 23 (b)(1)(A).[5] Cigna Opp'n at 24-27. Cigna is also wrong because Rule

---

[5] Consider if this Court decided that the relevant language (i.e., the proposed class definition language) required Cigna to calculate Mr. Neufeld's deductible according to the provider rate, but the District of South Carolina decided that the relevant language required Cigna to calculate Mr. Terry's deductible according to the CareCentrix rate. Those decisions would subject Cigna to "incompatible standards of conduct." By contrast, this Court's hypothetical decision about Mr. Neufeld's deductible payments would not conflict with a decision by the District of Colorado that the relevant language requires Cigna to calculate Mr. Ninivaggi's coinsurance based on the CareCentrix rate.

23 (b)(1)(A) only concerns "adjudications with respect to individual *class members*." Non-class members like coinsurance or copayment claimants do even not enter into the analysis.

Cigna's attempt to distinguish *Meidl v. Aetna, Inc.*, 2017 WL 1831916 (D. Conn. May 4, 2017), fails because *Meidl* certified a class of "a subset of plan members," Surreply at 11, who "were denied health insurance coverage for [a specific treatment for] major depression using one of the codes of Experimental, Investigational or Unproven Services." *Meidl,* 2017 WL 1831916, at *23. *Meidl* did not state any concern that the class also should include others who were denied other treatments using the exact same codes. Likewise, the fact that copayment and coinsurance claims are not included here, even if they were improperly calculated under some of the same language at issue for deductible claims, is not a bar to certification.[6] Indeed, Cigna acknowledges that courts certify Rule 23(b)(1) and (b)(2) classes in similar cases. Surreply at 12 n.4.

Plaintiffs did not and do not "admit" that their reprocessing claim is not for equitable relief. Surreply at 12-13. Cigna simply repeats its arguments from its opposition, Cigna Opp'n at 47-48, and Plaintiffs refer to their Reply. Pls.' Reply at 23-28. Moreover, as set forth in Part IV below, Cigna misstates the equitable relief available against Cigna. Cigna's insistence that in *Meidl,* monetary relief was "incidental" to the injunctive relief, while the relief sought here is "purely" monetary, Surreply at 12-13, is baseless. In *Meidl*, plaintiffs could obtain equitable reprocessing of claims that had been improperly adjudicated even though class members "may [or may not] end up receiving payment," because such payments were "too attenuated to treat the

---

[6] Cigna's argument that Plaintiffs improperly distinguished *Local 22 of Council v. Bridgeport Health Care Ctr., Inc.*, 2018 WL 1419792 (D. Conn. Mar. 18, 2018), Pls.' Reply at 22, is incorrect. Cigna relies upon the fact that a subsequent case, *Kokoshka v. Inv. Advisory Comm. of Columbia Univ.*, 2021 WL 3683508 (S.D.N.Y. Aug. 19, 2021), purportedly read *Local 22* more broadly than Plaintiffs. Surreply at 12 n.4. But *Kokoshka* does not substantively address the question of actions arising under §502(a)(2) versus §§502(a)(1) or (a)(3) that is at issue here, *see* Pls.' Reply at 22-23, at all. It simply includes *Local 22* in an "accord" string cite for the general proposition that "[w]ith respect to breach of fiduciary duty claims, ERISA creates a fiduciary duty to plans, not individual participants or beneficiaries"). *Kokoshka*, 2021 WL 3683508, at *9.

reprocessing itself as a form of monetary damages." *Meidl*, 2017 WL 1831916, at *21. Class members here similarly seek the equitable relief of proper calculation of benefits. As in *Meidl*, monetary payment is incidental to Plaintiffs' claims for equitable relief. Contrary to Cigna's argument, the reprocessing injunction sought by Plaintiffs should be applied uniformly to all who have claims under the deductible provisions of the Plans.

## III.   The Amended Class Definition Meets Superiority Under (b)(3)

While the Court need not reach Rule 23 (b)(3), Plaintiffs have not "gerrymander[ed]" their class. Surreply at 8-9. Plaintiffs may modify a proposed class when potential issues arise. *See, e.g.*, *Santiago v. Merriman River Assocs.*, 2018 WL 2465358, at *7 (D. Conn. June 1, 2018). Even if the amended class definition excluded possibly class-certifiable claims, Cigna cites no authority for the proposition that a named plaintiff must move to certify every possible claim she could assert; indeed, a class plaintiff is ***not*** required to do so. Fed. R. Civ. P. 18(a); *Gittens v. City of New York*, 2011 WL 10618708, at *2 (S.D.N.Y. May 11, 2011); *Gibson Brands, Inc. v. John Hornby Skewes & Co.*, 2014 WL 5419512, at *2 n.2 (C.D. Cal. Oct. 23, 2014).

Plaintiffs excluded copayment claims because Cigna argued that none of the Plaintiffs were charged a copayment and that some templates included copayment-specific language that might require individualized inquiries. Cigna Opp'n [ECF No. 181] at 27. Plaintiffs excluded Diamond and PowerMHS plans because no Plaintiff used those platforms. Plaintiffs excluded coinsurance and Facets plan claims because plan variations could require individualized inquiries. Recognizing the "ongoing refinement and give-and-take inherent in class action litigation, particularly in the formation of a workable class definition," courts routinely permit plaintiffs to amend class definitions in reply briefs and should do so here. *Buck v. Am. Gen. Life Ins. Co.*, 2021 WL 733809, at *4 (D.N.J. Feb. 25, 2021) (cleaned up); *see also In re Foreign Exch. Benchmark Rates Antitrust Litig.*, 407 F. Supp. 3d 422, 428 (S.D.N.Y. 2019). Because

plaintiffs may subsequently narrow a proposed class definition even after denial of certification, they should be able to narrow a definition before a motion is ruled on. *In re Initial Pub. Offering Sec. Litig.*, 483 F.3d 70, 73 (2d Cir. 2007); *de Lacour v. Colgate-Palmolive Co.*, 2021 WL 1590208, at * 1 (S.D.N.Y. Apr. 23, 2021). Cigna has not cited authority to the contrary.

Cigna wrongly claims that the "latest proposed class definition defines two of the four remaining named Plaintiffs out of the class." Surreply at 10. To the contrary, Plaintiffs have not excluded fully-insured plans such as Neufeld's. Surreply at 10. Because the term "plans" includes ***all*** plans administered by Cigna, the class necessarily includes fully-insured plans administered by Cigna. *See* Cigna Opp'n at 5 ("These are called fully-insured plans").[7]

Plaintiffs have not created individualized inquires by excluding plans with a new definition of "allowable expense" or with capital-"C" charges language. Surreply at 10-11. The "allowable expense" definition, implemented in 2017, impacts only a small percentage of individuals (those with more than one source of coverage). The Plans can be identified like any other Plan, and Cigna's transaction data identifies when Cigna was the secondary payer. Where someone other than Cigna was the secondary payer, members can submit an affidavit as part of the claims process attesting that they did not have secondary insurance from 2017 through the end of the class period. The capital-"C" charges definitions also appear in templates with identifying codes and also can be identified through a search of the Plans. *See* Pls.' Reply App'x B; Stipulation and Order Regarding Identification of Plans [ECF 161]. Class membership is routinely determined through automated and manual processes, even if this requires members to prove membership as part of the claims process. *Mahon v. Chicago Title Ins. Co.,* 296 F.R.D. 63,

---

[7] Plaintiffs do not dispute that the document Cigna represents to be Jacques's 2018 Visa Plan does not contain all of the class language. Plaintiffs are no longer seeking to appoint Jacques as a class representative.

79 (D. Conn. 2013); *In re Delta/AirTran Baggage Fee Antitrust Litig.*, 317 F.R.D. 675, 692

(N.D. Ga. 2016); *Ebin v. Kangadis Food Inc.*, 297 F.R.D. 561, 567 (S.D.N.Y. 2014).

Cigna's argument that class claims "necessarily include … some [who] would be worse

off," Surreply at 9, restates Cigna's argument about "winners" and "losers" and fails for the

reasons set forth in Pls.' Reply at 19-20; 33-34. Moreover, in *Peters*, 2 F.4th at 213, the class

also included only the "losers," *i.e.*, those whose cost share "was assessed using an agreed rate

between Optum and Aetna that exceeded the provider's contracted rate with Optum. . . ."

Plan members not in the class cannot use this case as "offensive collateral estoppel."

Surreply at 9. A prior case only has preclusive effect if it arises from an "identical factual

predicate." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.,* 396 F. 3d 96, 107-08 (2d Cir. 2005); *Flood

v. Just Energy Mktg. Corp.* 904 F.3d 219, 236 (2d Cir. 2018). Plaintiffs' class includes ***everyone***

enrolled in Proclaim plans with identical deductible language who paid excessive deductibles.

No identically situated claimants are excluded, and no one outside the class shares the "identical

factual predicate" needed to argue preclusion. Cigna's cases (Surreply at 8-9) agree.[8]

## IV.    Plaintiffs Do Not Mischaracterize *Peters*

Cigna's entire analysis in Parts III.A and B of the Surreply (at 14-17) is based upon

Part C of *Peters*, 2 F.4th at 221-28. That section is an analysis of the ***merits*** on ***summary

judgment*** of "only [Peter's] claim for restitution." *Id* at 221. Accordingly, Cigna's arguments are

irrelevant to both class certification and to any of the other remedies Plaintiffs seek.

Additionally, in arguing that class certification is not appropriate due to individualized inquiries

---

[8] In *Wenig v. Messerli & Kramer P.A.*, 2013 WL 1176062 (D. Minn. Mar. 23, 2013), plaintiffs' class included only
residents of a single county, excluding ***identically*** situated claimants outside that region, to artificially maximize the
recovery of county residents under a statutory damages cap. *Id.* at *5-6. The Court in *Guevarra v. Progressive Fin.
Servs., Inc.*, 2006 WL 3613742 (N.D. Cal. Nov. 30, 2006) declined to certify a class regarding a debt collection
agency's efforts where the agency took ***identical*** collection steps on behalf of other creditors that affected
consumers in ***identical*** ways.

of "financial injury" (*i.e.*, damages), Defendants improperly urge the Court to decide the merits of whether Plaintiffs' or Defendants' damages methodology is correct. *In re Ethylene Propylene Diene Monomer Antitrust Litig.*, 256 F.R.D. 82, 100 (D. Conn. 2009); *Kaplan v. S.A.C. Cap. Advisors, L.P.*, 311 F.R.D. 373, 382 (S.D.N.Y. 2015). Plaintiffs' damages methodology is identical for all class members and is consistent with their theory of liability, which is sufficient at the class certification stage. *Hasemann v. Gerber Prod. Co.*, 331 F.R.D. 239, 278 (E.D.N.Y. 2019); *In re Allergan PLC Sec. Litig.*, 2021 WL 4077942, at *15 (S.D.N.Y. Sept. 8, 2021).

Cigna's arguments in Part III.C are wrong for numerous reasons. First, Plaintiffs are not required to prove *now* that the class is substantively "entitled to" surcharge, disgorgement or an injunction. Surreply at 18, 19. Indeed, the entire purpose of a class action is to certify class claims so that the entitlement to remedies can be determined *at trial*. *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 574 F.3d 29, 34-35 (2d Cir. 2009); *Toliver v. Semple*, 2019 WL 4686587, at *5 (D. Conn. Sept. 26, 2019). Just as in *Peters*, all Class members can assert claims for this relief because they were overcharged. Reply at 17-19, 28-33.

Second, the plaintiff in *Peters* did not seek to certify claims under only ERISA § 502 (a)(3). Surreply at 18. Rather, she sought to represent a class under both § 502(a)(3) and § 502(a)(1)(B). *Peters v. Aetna, Inc.*, 2019 WL 1429607, at *5 n.2 (W.D.N.C. Mar. 29, 2019). Moreover, *Peters* held that all of the claims seeking all of the remedies Plaintiffs here seek are available under both of these two ERISA provisions. 2 F.4th at 242.

Cigna confuses equitable remedies in suits against fiduciaries versus non-fiduciaries and ignores *Cigna v. Amara*, 563 U.S. 421 (2011). Surreply at 19. Like this case, *Amara* concerned "a suit by a beneficiary against a plan fiduciary." *Amara*, 563 U.S. at 439-40. Because the defendant was a fiduciary, the Court recognized a wide range of equitable remedies, including

monetary relief. *Id*. at 441. The Court distinguished *Great–West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204 (2002), observing that *Great-West* concerned a claim brought against a tort-award-winning non-fiduciary beneficiary. *Amara*, 563 U.S. at 439. Because every suit against a breaching fiduciary was brought in equity before the merger of law and equity, suits for "monetary 'compensation' for a loss resulting from a trustee's breach of duty, or to prevent the trustee's unjust enrichment" may be brought under ERISA's equitable relief provisions. *Id*. at 441. In any event, it is a class-wide issue.[9]

Third, the class can seek disgorgement, Surreply at 19-20. *See Peters*, 2 F.4th at 227, 238, 242; *Cigna v. Amara*, 925 F. Supp. 2d 242, 245 (D. Conn. 2012) (Arterton, J.) (equity courts can order "disgorgement"). Finally, as to surcharge, Surreply at 20, neither make-whole remedy nor unjust-enrichment raises individualized issues. Every class member was overcharged when it was charged a deductible greater than the Provider rate, and Cigna was unjustly enriched in that same amount when it used that overcharge to pay CareCentrix. Pls.' Mem. in Supp. of Class Cert. [ECF No. 156] at 4. Cigna's cases do not hold otherwise. Finally, the ASO agreements are irrelevant because Cigna violated the Plans on a class-wide basis. See Part I above. [10]

---

[9] *Montanile v. Bd. of Trs. of the Nat'l Elevator Indus. Health Benefit Plan*, 577 U.S. 136, 139, 141 (2016), also involved claims against non-fiduciaries. In *Spears v. Liberty Life Assurance Co. of Bos.*, 2018 WL 2390136 (D. Conn. May 25, 2018), the court indicated, in *dicta*, that the types of relief that plaintiff requested— "restitution, disgorgement of profits made by withholding benefits, surcharge, and an injunction requiring Defendants to pay benefits allegedly owed"—were "of the type which the Supreme Court has held 'almost invariably' seek monetary rather than equitable relief." *Id.* at * 9. In relying on *Great West*, *Spears* focused on the rules in equity governing clams against non-fiduciaries, which require tracing and do not provide for pure monetary relief. Since Cigna was a fiduciary, it should be required to disgorge the overcharge it used to pay CareCentrix's fees without regard to whether Plaintiffs can trace the specific funds.

[10] The plaintiffs in *Wit v. United Behavioral Health*, 317 F.R.D. 106, 134 (N.D. Cal. 2016), abandoned a claim for surcharge concerning individualized out-of-pocket charges, but properly maintained the claim for surcharge for improper amounts taken by the plan administrator, which is what Plaintiffs seek here. Contrary to Cigna's argument, the court in *Amara*, 925 F. Supp. 2d at 264, did not hold that certification of a surcharge remedy class was improper under Rule 23(b)(2); it did not reach the issue at all because it certified the class on other grounds.

Dated: October 6, 2021

Respectfully submitted,

*/s/ Robert A. Izard*

Robert A. Izard (ct01601)
Craig A. Raabe (ct04116)
Seth R. Klein (ct18121)
Christopher M. Barrett (ct30151)
IZARD, KINDALL & RAABE, LLP
29 South Main Street, Suite 305
West Hartford, CT 06107
Telephone:  860-493-6292
Facsimile:860-493-6290
rizard@ikrlaw.com
craabe@ikrlaw.com
cbarrett@ikrlaw.com
sklein@ikrlaw.com

William H. Narwold (ct00133)
Mathew Jasinski, (ct27520)
MOTLEY RICE LLC
One Corporate Center
20 Church Street, 17th Floor
Hartford, CT 06103
Telephone:  860-882-1681
Facsimile:   860-882-1682
bnarwold@motleyrice.com
mjasinski@motleyrice.com

Meghan S. B. Oliver
Charlotte Loper
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Telephone: 843-216-9000
moliver@motleyrice.com
cloper@motleyrice.com

11